UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
NARCISA P.,

                      Plaintiff,          <u>DECISION AND ORDER</u>
                                                      1:23-CV-10962-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In October of 2021, Plaintiff Narcisa P.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

      This case was referred to the undersigned on January 29, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

No. 13). For the following reasons, Plaintiff's motion is due to be denied, and this case is dismissed.

## I.  BACKGROUND

*A.    Administrative Proceedings*

Plaintiff applied for benefits on October 11, 2021, alleging disability beginning April 13, 2020. (T at 339).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 14, 2022, before ALJ Kiernan McCormack. (T at 55-76). Plaintiff appeared with an attorney and testified. (T at 62-72). The ALJ also received testimony from Marian Marracco, a vocational expert. (T at 72-74).

*B.    ALJ's Decision*

On December 1, 2022, the ALJ issued a decision denying the application for benefits. (T at 10-30).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured). (T at 18).

The ALJ concluded that Plaintiff's cervical disc herniations, lumbar

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

disc herniation with fusion, and obesity were severe impairments as defined under the Act. (T at 19).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 19).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), except that she only perform climbing and stooping on an occasional basis. (T at 21).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home health aide. (T at 24).

However, considering Plaintiff's age (49 on the alleged onset date), education (limited), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 24-25).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 13, 2020 (the alleged onset date) and December 1, 2022 (the date of the ALJ's decision). (T at 26).

On October 24, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-9).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on December 19, 2023. (Docket No. 1).  On June 20, 2024, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 13, 14).  The Commissioner interposed a brief in opposition and in support of a request for judgment on the pleadings, on August 19, 2024. (Docket No. 16).  On September 6, 2024, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 18).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

5

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff offers one main argument in support of her request for reversal of the ALJ's decision.  Plaintiff argues that the RFC determination is not supported by substantial evidence.

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).

When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and decide based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2),

416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, as noted above, the ALJ determined that Plaintiff retained the RFC to perform light work, as defined in 20 CFR 404.1567 (b), except that she only can climb and stoop on an occasional basis. (T at 21).

Plaintiff contends this determination is inconsistent with the assessment of Dr. Michael Healy, who performed a consultative examination in January of 2022. Dr. Healy diagnosed lower back pain, status post laminectomy and fusion, and neck pain, with possible cervical spinal intervertebral disc disruption or other degenerative condition. (T at 503). He opined that Plaintiff had "moderate" limitations with respect to standing, walking, bending, lifting, and climbing stairs. (T at 503).

The ALJ found Dr. Healy's opinion persuasive. (T at 23-24). Plaintiff argues that the ALJ's conclusion that she retained the RFC to meet the standing and walking requirements of light work is inconsistent with Dr. Healy's assessment of moderate impairment in her ability to perform those tasks. *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir.2009) ("The full range of light work requires intermittently standing or walking for a total of

approximately 6 hours of an 8–hour workday, with sitting occurring intermittently during the remaining time.").

For the following reasons the Court finds Plaintiff's argument unavailing.

First, "a number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work." *Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)(collecting cases); *see also Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Lopez v. Berryhill*, 448 F. Supp. 3d 328, 345 (S.D.N.Y. 2020).

Second, the ALJ's RFC determination is supported by assessments from two non-examining State Agency review physicians.

In February of 2022, Dr. A. Saeed reviewed the record and opined that Plaintiff could perform light work. (T at 89-91). In June of 2022, Dr. J. Randall found that Plaintiff could perform light work with occasional climbing and stooping. (T at 103-06).

The ALJ found these opinions persuasive. (T at 23). *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in

disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004*)).

Third, the ALJ relied on a reasonable reading of the record to reach the conclusion that Plaintiff did not have disabling physical limitations. (T at 21-23). This included treatment notes documenting normal gait, full range of motion, no joint tenderness or swelling, as well as the ability to attend to household chores, use public transportation, and shop. (T at 361-64, 481-82, 484-89, 489-90, 510, 570, 573).

While Plaintiff suffers from some degree of pain and limitation the ALJ did not dismiss this evidence, but instead found Plaintiff unable to perform her past relevant work and limited Plaintiff to a reduced range of light work.

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can

reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, the ALJ's RFC determination is supported by a reasonable reading of the record and appropriate consideration of the medical opinion evidence and must therefore be sustained.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: March 3, 2025                              *s/ Gary R. Jones*
                                                                 GARY R. JONES
                                                                 United States Magistrate Judge